United States District Court
District of Connecticut

| | |
|---|---|
| JEAN PIERRE, ESTHER aka JEANPIERRE ESTHER<br><br>v.<br><br>PORTFOLIO RECOVERY ASSOCIATES, LLC aka JOHN DOE II,<br>NELEN HOLLY R. aka JANE DOE,<br>LAW OFFICES OF HOWARD LEE SCHIFF PC aka JOHN DOE, | DOCKET NO:<br><br><br><br><br><br>JUNE 28, 2019 |

## COMPLAINT

## JURISDICTIONAL ALLEGATIONS:

1. ESTHER JEAN PIERRE aka ESTHER JEANPIERRE is an individual and resident of the State of Connecticut.

2. The Defendant, HOLLY R. NELEN, is an individual and resident of the State of Connecticut.

3. The Defendant LAW OFFICES OF HOWARD LEE SCHIFF PC aka JOHN DOE is a Connecticut corporation who conducts business in this state.

4. Upon information and belief, the Defendant PORTFOLIO RECOVERY ASSOCIATES, LLC aka JOHN DOE II is a corporation from the commonwealth of Virginia who conducts business in this state.

5. This Court has jurisdiction because the Plaintiff's claims are violation of federal laws, specifically "FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. 1692 et seq", and the court has supplemental jurisdiction for any additional claims.

6. Venue is proper because the underlying action which gave rise to this action are from this state.

## FACTUAL ALLEGATIONS

1. From 11/17/2016 to 6/29/2018, the Defendants Holly R. Nelen, prosecuted a lawsuit which was filed a lawsuit on behalf of the other two Defendants against the Plaintiff in Bridgeport Small Claims wherein they claimed that the Plaintiff owed PORTFOLIO RECOVERY ASSOCIATES, LLC the sum of $1594.64 plus costs.
2. During the pendency of the aforementioned action, the Plaintiff denied that she owed the Defendant PORTFOLIO RECOVERY ASSOCIATES, LLC any money as alleged in the aforementioned lawsuit.
3. During the pendency of the aforementioned action, the Plaintiff told the Defendants on multiple occasions that the alleged debt was not her debt and that it was the debt of her ex-husband and that if they investigate, they would see that her social security number is not attached to the debt.
4. Still, the Defendants continue to pursue the claims against the Plaintiff.
5. The Defendants knew the social security of the Plaintiff was not attached to the debt because they filed a MILITARY AFFIDAVIT with information produced by the Department of Defense. That military affidavit was only obtained after the Defendants entered the social security of the Plaintiff which is different from the Plaintiff's ex-husband social security number.
6. During the pendency of the aforementioned action, the Defendants kept requesting continuances in the hope that the Plaintiff would fail to appear one day and win by default.

7. The third time the Defendant attempted to request a continuance, the Plaintiff had hired counsel who argued to the Court to enter judgment against Defendant PORTFOLIO RECOVERY ASSOCIATES, LLC and on that day of 6/29/2018, the lawsuit terminated with a judgment in favor of the Defendant after a trial.

8. The Defendants are business together for a profit and are therefore in a general partnership and are liable for each other's actions in the conducts alleged in this case.

9. The Defendants are each other's agents.

10. Before the pendency of the aforementioned lawsuit and until today, the Defendants continued and continue to report negative information to each of the three (3) national credit reporting agencies – Experian, Equifax and TransUnion –

11. Every month since the commencement of the aforementioned action to the present, even after judgment for the Plaintiff, the Defendants reported negative information about the Plaintiff to the three national credit bureau.

12. The Defendants have engaged in the deceitful practice of claiming money owed when no money was owed

13. All of the aforementioned wrongdoing by the Defendants have been a continuing conduct from November 1, 2015 to the present.  Each day from that date is a separate violation of this continuing conduct of claiming that the Plaintiff owed money she did not owe and attempting to collect it from her.

**COUNT ONE -  VIOLATION OF**

**FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. 1692 et seq**

(AS TO ALL DEFENDANTS)

1-13 Paragraph 1 through 13 of the Factual Allegations are hereby incorporated and made paragraph 1 through 13 of this count.

14. The Defendants' course of conduct, as alleged herein, has been undertaken in the conduct of trade and commerce as defined in Conn. Gen. Stat. section 42-110a(4)

15. The Defendant LAW OFFICES OF HOWARD LEE SCHIFF PC is an alleged legal entity doing business in this State.

16. The Defendant PORTFOLIO RECOVERY ASSOCIATES, LLC is an alleged legal entity doing business in this State.

17. The Defendant HOLLY R. NELEN is a natural person who is doing business in this state.

18. The Plaintiff is a consumer as that term is defined by 15 U.S.C. 1692a(3).

19. The credit card debt that is the subject of this litigation is a debt as that term is defined by 15 U.S.C. 1692a(5).

20. The Defendants are debts collectors as that term is defined by 15 U.S.C. 1962a(6)

21. The Defendants have engaged and continuing to engage in conduct violating one or more sections of 15 U.S.C. 1962 et seq, by doing the following non-exhaustive list of acts:

    a. made false, deceptive and/or misleading representations in connection with its efforts to collect a debt as prohibited by 15 U.S.C. 1692e.

    b. threatened the Plaintiff with a lawsuit if she did not make payments.

    c. Kept promising the cross Plaintiff to fix the error in the ownership of the debt.

    d. by providing the Plaintiff a miscalculated credit debt statement and affidavit of debt.

    e. Filing a false affidavit of debt based on records that did not exist and did not show that the Plaintiff owed any money.

22. As a result of the actions of the Defendants, the Plaintiff incurred damages and is entitled to all relief under 15 U.S.C. 1692k including but limited to statutory damages, actual damages, attorney fees and costs of this suit and the underlying suit against the Plaintiff and any other relief the court deems fair and equitable.

## COUNT-TWO-  VIOLATION OF

### Connecticut Fair Debt Collection Practices Act § 36a-646 et seq

(AS TO ALL DEFENDANTS)

1-13 Paragraph 1 to 13 of the factual allegations are hereby incorporated and made paragraph 1 to 13 of this count.

14. The Defendant LAW OFFICES OF HOWARD LEE SCHIFF PC is a creditor as that term is defined by C.G.S. § 36a-646.

15. The Defendant PORTFOLIO RECOVERY ASSOCIATES, LLC is a creditor as that term is defined by C.G.S. § 36a-646.

16. The Defendant HOLLY R. NELEN is a creditor as that term is defined by C.G.S. § 36a-646.

17. The Plaintiff is a consumer debtor as defined by as that term is defined by C.G.S. § 36a-646.

18. The credit card debt alleged in the underlying lawsuit is a debt as that term is defined by C.G.S. § 36a-646.

19. The Defendants were engaged in conduct violating one or more sections of C.G.S. § 36a-646 et seq, by doing the following non- exhaustive list of acts:

    a. made false, deceptive and/or misleading representations in connection with its efforts to collect a debt as prohibited by 15 U.S.C. 1692e.

    b. threatened the Plaintiff with a lawsuit if she did not make payments.

    c. Kept promising the cross Plaintiff to fix the error in the ownership of the debt.

    d. by providing the Plaintiff a miscalculated credit debt statement and affidavit of debt.

    e. Filing a false affidavit of debt based on records that did not exist and did not show that the Plaintiff owed any money.

20. As a result of the actions of the Defendant, the Plaintiff incurred damages and is entitled to all relief under 36a-646 et seq. including but limited to statutory damages, actual damages, attorney fees and costs of this suit, costs of the underlying suit against the Plaintiff and any other relief the court deems fair and equitable.

## COUNT THREE -  NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

### (AS TO ALL DEFENDANTS)

1-22   Paragraph 1 to 22 of count ONE are hereby incorporated and made paragraph 1 to 22 of this count.

23   Each Defendant had a duty to act in such a way so as not to put anyone in the Plaintiff's position in risk of harm.

24   If each Defendant were not aware of that the Plaintiff did not owe any money, it became aware when the Plaintiff first told the Defendant's agent in open court that the debt was the debt of her ex-husband and requested that the social security number be attached to the debt be checked,

25   The Defendant breached that duty when it/she sued the Plaintiff and continues to send erroneous mortgage statements as of today when it knew and knows that the Plaintiff was not and is not in default.

23. As a direct and proximate result of the Defendants' breach, the Plaintiff incurred money damages and suffered extreme emotional distress.

24. The Defendant's actions were a substantial factor in causing the Plaintiff's harm.

## **COUNT FOUR -  INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

### (AS TO ALL DEFENDANTS)

1-24   Paragraph 1 to 24 of count THREE are hereby incorporated and made paragraph 1 to 24 of this count.

25. If the Defendant did not have intent when it/she commenced the action against the Plaintiff in Small Claim Court, the Defendant had intent when it/she continued to pursue the claims against the Plaintiff after being told by the Plaintiff that the creditor card debt was that of her ex-husband and that her social security number was not attached to it.

## **COUNT FIVE- ABUSE OF PROCESS**

### (AS TO ALL DEFENDANTS)

1-22 Paragraph 1 to 22 of count ONE are hereby incorporated and made paragraph 1 to 22 of this count.

23. The Defendant used the legal process when it commenced and prosecuted the foreclosure lawsuit against the Plaintiff which ended in a judgment in favor of the Plaintiff.

24. The Defendant's commencement and continuation of the prosecution of the underlying small claim action against the Plaintiff  was without probable cause.

25. The Defendant used of the legal process was primarily to humiliate and harass

the Plaintiff and was with malicious intent to unjustly vex the Plaintiff.

26. The Defendant used the legal process for the purpose of harassing, threatening and vexing the Plaintiff which is a purpose for which it was not designed.

27. Even if the small claim lawsuit was commenced with probable cause, it was continued and prosecuted without probable cause when the Defendant became aware during court that the Plaintiff was not the correct debtor.

28. As a direct and proximate result of the Defendant's actions of filing a wrongful collection action against the Plaintiff and continuing to prosecute the action after learning the debt was that of the Plaintiff's ex-husband, the Plaintiff suffered damages, including and not limited to money damages, harm to his reputation and extreme emotional distress.

**COUNT SIX STATUTORY VEXATIOUS LITIGATION (Section 52-568)**

(AS TO ALL DEFENDANTS)

1-28 Paragraph 1 to 28 of count five are hereby incorporated and made paragraph 1 to 28 of this count.

**COUNT SEVEN - MALICIOUS PROSECUTION**

(AS TO ALL DEFENDANTS)

1-28 Paragraph 1 to 28 of count five are hereby incorporated and made paragraph 1 to 28 of this count.

**COUNT EIGHT- DEFAMATION OF CHARACTER**

(AS TO ALL DEFENDANTS)

1-28 Paragraph 1 to 28 of count five are hereby incorporated and made paragraph 1 to 28 of this count.

29. The Defendant's statements about and concerning the Plaintiff's delinquency and default on the credit card debt of her ex-husband were false.
30. The Defendant's statements were made to third persons.
31. The Defendant's statements were made with malice.
32. A reasonable person in the Plaintiff's position would find the statements made about him/her by the Defendant highly offensive.
33. As a direct and proximate result of the false statements, the Plaintiff suffered money damages, harm to her reputation and extreme emotional distress.

## COUNT NINE - FALSE LIGHT

(AS TO ALL DEFENDANTS)

1-33 Paragraph 1 to 33 of count eight are hereby incorporated and made paragraph 1 to 33 of this count.

34. The Defendant's statements about and concerning the Plaintiff's delinquency and default on the aforementioned credit card debt were false and the Defendant knew and acted in reckless disregard as to, the falsity of the statements it published about the Plaintiff, and the false light in which such statements would place the Plaintiff.
35. The Defendant's statements were made to third persons.
36. The Defendant's statements were made with malice.
37. A reasonable person in the Plaintiff's position would find the statements made about him/her by the Defendant highly offensive. The Defendant's statements about the Plaintiff, placed her in a false light that misrepresented her character, history and activities in such a major way that it would be highly offensive to a reasonable person.

38. As a direct and proximate result of the false statements, the Plaintiff suffered money damages, harm to his/her reputation and extreme emotional distress.

.

WHEREFORE, the cross Plaintiff demands the following relief:
1. Money damages

2. Award of legal fees.

3. all relief under 15 U.S.C. 1692k including but limited to statutory damages, actual damages, attorney fees and costs of suit.

4. all relief under 36a-646 et seq including but limited to statutory damages, actual damages, attorney fees and costs of suit.

5. Punitive damages under Connecticut law in the form of an award of attorney fees for this action;

6. Double or Treble damage for each appropriate claims.

7. Any other relief the Court deems fair and equitable.

## JURY DEMAND

The Plaintiff demand a jury trial on all issues so triable.

THE PLAINTIFF.
JEAN PIERRE, ESTHER aka JEANPIERRE ESTHER

/s/__Andre Cayo (ct29012)__
Andre Cayo, Esq. (Ct29012)
84 W. Park Place, 3rd Floor
Stamford, CT 06901
203-517-0416  Phone
203-517-0418 Fax

Cayolaw@gmail.com